```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,
                                         CRIMINAL CASE NO. 05-50023
v.

DAVID ALLEN FISHER,                      HONORABLE PAUL V. GADOLA
                                         U.S. DISTRICT COURT
                    Defendant.
_____/
```

**ORDER DENYING DEFENDANT'S MOTIONS FOR 1) TRANSFER OF VENUE, 2)THE WEIGHING OF DRUGS IN THE PRESENCE OF A DEFENSE EXPERT, 3) SPECIFIED DISCOVERY, 4) BRADY MATERIALS AND WITNESS LISTS, AND 5) THE RIGHT TO FILE MOTIONS AFTER THE DEADLINE**

On April 6, 2005, Defendant was charged in a two count indictment. Count I alleges conspiracy to distribute heroin, and Count II alleges distribution of heroin. Defendant was arrested on April 8, 2004 and is currently being detained pending trial. On April 18, 2005, Defendant filed five motions: 1) a motion to transfer venue, with a request for an evidentiary hearing; 2) a motion to require that the drugs be weighed in the presence of a defense expert; 3) a motion for discovery and disclosure of specific items; 4) a motion for discovery and disclosure of Brady materialS and witness lists; and 5) a motion to reserve the right to file additional motions. The Government filed a response on April 22, 2005, and Defendant filed replies on Aril 29, 2005.

**I.    Motion to Transfer Venue**

Defendant moves this Court to transfer this case from Flint to Detroit, within the Eastern District of Michigan.  Defendant relies on Local Rule 18.1 for Criminal Cases, which provides

> (a) Counties and Places of Holding Court. Criminal cases shall be assigned to the place of holding court which serves the county in which the offense is alleged to have been committed:
>
>   \*   \*   \*
>
> (b) Improper Assignments. A case improperly assigned to a place of holding court shall be transferred to the proper location by order of the Court.

Local Crim. R. E.D. Mich. 18.1.  For offenses committed in the Detroit area and surrounding counties, the place for holding court is Detroit; for offenses committed in the Flint area and surrounding counties, the place for holding court is Flint.  Local Crim. R. E.D. Mich. 18.1(a)(1) & (2).

In Defendant's case, the criminal activity alleged in Count II, the distribution charge, occurred in Detroit.  Indict. at 2. As for the criminal activity alleged in Count I, the conspiracy charge, Defendant is alleged to have participated in a conspiracy to distribute heroin within the Eastern District of Michigan.  Id. at 1.  Specifically, Defendant is alleged to have conspired with Joey Williams, a Flint resident, to distribute heroin.  Id. According to the Government, "[t]his case was pursued as defendant was identified as one of the main suppliers of heroin to Flint,

Michigan." Resp. at 2. Defendant, however, points out that the alleged drug transactions actually occurred in Detroit, and that the only connection the conspiracy had to Flint was that Joey Williams would travel from Flint to Detroit to purchase the heroin. Mot. at 2. Nevertheless, granting, for the purposes of Defendant's motion, that the drug transactions occurred in Detroit, the conspiracy was a conspiracy between a Detroit resident and a Flint Resident to distribute heroin in Flint. See <u>United States v. Warner</u>, 690 F.2d 545, 549 (6th Cir. 1982)("Conspiracies to distribute narcotics, which normally involve numerous sales and resales of drugs until they reach the ultimate consumers, are often 'chain' conspiracies."). This is enough to establish Flint as an appropriate location to hold court. Local Crim. R. E.D. Mich. 18.1(a)(2).

Alternatively, Defendant relies on the Federal Rules of Criminal Procedure to move for a change of venue based on convenience. Such intra-district transfers are controlled by Federal Rule of Criminal Procedure 18. See <u>United States v. Dakota</u>, 197 F.3d 821, 826 (6th Cir., 1999). Fed. R. Crim. P. 18 provides that "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice."

In this case, it would be more convenient for Defendant and

the civilian witnesses, with the exception of Joey Williams, for court to be held in Detroit. Defendant's counsel is in Detroit and Defendant intends to rely on witnesses who live in the Detroit area. The prompt administration of justice, however, favors court being held in Flint, as this is a Flint case, prosecuted in Flint by Flint area law enforcement officers. "Due regard" was given to these considerations when the place of trial was set. Fed. R. Crim. P. 18. Accordingly, the Court will deny Defendant's motion to transfer venue.[1]

**II. Motion to Weigh Drugs**

Defendant's request to have the drugs weighed in the presence of a defense expert was motivated by a concern that an inaccurate weighing would result in a determination that the drugs weigh 100 grams or more, resulting in a five year mandatory minimum sentence if Defendant is convicted. Mot. at 1. Prior to the Government's receipt of the motion, the drugs were weighed and found to weigh less than 100 grams. Resp. at 4. As this made Defendant's request moot, Defendant withdrew his motion. Reply at 1.

**III. Motions for Discovery of Specified Items, <u>Brady</u> Material, and Witness Lists.**

---

[1] Defendant requested an evidentiary hearing in the event that the Government denied that the drug transactions occurred in Detroit. Mot. at 2. As the Government has not disputed this account, the Court will not order a hearing.

In his motions for discovery, Defendant seeks a great number of items that comprise nearly all of the possible forms of evidence that could be introduced at a trial. For support, Defendant relies on the affirmative early disclosure requirements of Fed. R. Crim. P. 16(a)(1) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), as well as other legal authorities that do not impose an affirmative duty of early disclosure, such as the Jencks Act, 18 U.S.C. § 3500.

Even so, Defendant has not alleged that the Government is withholding any evidence or denying Defendant access to evidence to which Defendant currently has the right, or that the Government is not meeting its affirmative obligations under Rule 16, <u>Brady</u>, or the Jencks Act. The Government states that it is aware of its obligations and is exercising due diligence to comply with them. Resp. 4-5. Instead, Defendant states that such disclosure is necessary to adequately prepare for trial and to prevent delay and interruptions during trial. Reply at 2. Although Defendant would undoubtedly prefer access to such materials sooner rather than later, Defendant has made no showing as to why the Government should be compelled to now disclose that which it has not the duty to disclose at this time. Thus, the Court will deny Defendant's discovery motions without prejudice.

**IV. Motion to Reserve Right to File More Motions**

The motion cut-off date in Defendant's case was April 28,

2005.  See Administrative Order No. 03-AO-027 at 4.  Defendant moves the Court to allow him to reserve the right to file motions after April 28, 2005, if necessary.  Mot. at 1.  The Government states that it may not object to Defendant filing motions after the deadline, depending on their nature and timing, and suggests that Defendant draft a proposed stipulation.  Defendant rejects the Governments proposal, as he has heretofore filed timely motions and states that he will do so in the future.  Defendant has not received all discovery and anticipates future discovery disputes.

Without further specificity from Defendant, the Court is disinclined to allow Defendant to file pre-trial motions after the deadline as he sees fit, potentially opening the floodgate to pre-trial delay.  Instead, Defendant should first seek the concurrence of the Government by reaching a stipulation.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's Motion to Reserve Right to File Additional Motions if Necessary [docket entry 8] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Discovery and Disclosure of Specified Items [docket entry 10] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion and Demand for Discovery and Disclosure of Exculpatory Evidence/Brady Material and

Witness List [docket entry 12] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Transfer Venue and Request for Evidentiary Hearing [docket entry 14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Require Weighing of Drugs (Prior to Testing) in Presence of Defense an Defense Expert Chemist [docket entry 16] is **DENIED as moot**.

**SO ORDERED.**

Dated:   May 10, 2005  　　　　　　　　　s/Paul V. Gadola
　　　　　　　　　　　　　　　　　　　HONORABLE PAUL V. GADOLA
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 10, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
        Mark C. Jones; S. Allen Early                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                              .

　　　　　　　　　　　　　　　　　　　 s/Ruth A. Brissaud
　　　　　　　　　　　　　　　　　　　Ruth A. Brissaud, Case Manager
　　　　　　　　　　　　　　　　　　　(810) 341-7845