UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                            CRIMINAL CASE NO. 05-50023

v.

DAVID ALLEN FISHER,              HONORABLE PAUL V. GADOLA
                                    U.S. DISTRICT COURT

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTIONS

Before the Court are four motions by Defendant: 1) Defendant's Renewed Motion for Change of Venue; 2) Defendant's Renewed Motion for Discovery; 3) Defendant's Motion to Dismiss Count One of First Superseding Indictment; and 4) Defendant's Motion to Dismiss First Superceding Indictment.  For the following reasons, the Court will deny Defendant's motions.

Defendant was charged in a two count indictment on April 6, 2005 with conspiracy to distribute heroin and distribution of heroin.  On April 18, 2005, Defendant filed two motions for discovery and, because the case is before this Court in Flint, Michigan, a motion for change of venue. On May 10, 2005, the Court denied the motions for discovery for the reason that Defendant had not claimed that the Government was withholding any evidence, or denying Defendant access to any evidence, to which the Defendant then had a right.  The Court also denied Defendant's motion for change of venue on the grounds that the circumstances of the case were sufficient, under Eastern District Local Rule 18.1 for Criminal Cases, to justify holding court in Flint and that Federal Rule of Criminal Procedure 18 did not necessitate a transfer for convenience.

On July 27, 2005, the Government filed the First Superceding Indictment, which added two co-defendants, two additional counts, and forfeiture allegations.  The two co-defendants were included in the conspiracy count and the time-frame of the conspiracy was extended from 2003-2005 to 1994-2005.  Count III of the First Superceding Indictment charged one of the co-defendant's with felon in possession of a firearm, and Count IV charged Defendant with felon in possession of a firearm.  These additions form much of the substance behind Defendant's two renewed motions and his Motion to Dismiss Count One of the First Superceding Indictment.  After Defendant filed the present motions, the Government filed the Second Superceding Indictment, which changed the time-frame of the conspiracy count from 1994-2005 to 2000-2005.

Having considered Defendant's motions and accompanying briefs, as well as the Government's response, the Court will deny all four.  Defendant's Renewed Motion for Change of Venue argues that, because the charges for felon in possession of a firearm allege that the possession occurred in Detroit, and the forfeiture charges include a Detroit residence, Defendant will require additional Detroit witnesses.  The Court concludes, however, that these new allegations, despite being Detroit specific, do not significantly alter the balance of convenience such that court should be held in Detroit for this case, a case which seeks to prosecute one of the primary suppliers of heroin to the city of Flint.  *See* Fed. R. Crim. P. 18.  The Court will thus deny Defendant's Renewed Motion for a Change of Venue.

Defendant's Renewed Motion for Discovery states that Defendant's counsel complied with the concurrence requirement of Eastern District of Michigan Local Rule 7.1(a) by leaving a voice-mail message with the Government's attorney and that he had not received a response to the message by the time he filed the motion.  The Government's response states that the message was

left the day Defendant's counsel filed his motions, leaving no time for the Government's attorney

to address the request.   Defendant's counsel's message is an inadequate attempt at seeking

concurrence which does not further the objectives behind the policy.  *See  Brown v. United States*,

187 F. Supp. 2d 887, 892 (E.D. Mich. 2002) ("In many cases, the policies underlying the Local

Rules apply as much to this sort of litigation as to any other. Local Rule 7.1(a)'s requirement that

a movant seek concurrence, for example, often prevents the Court from having to adjudicate a

dispute that would not exist if the parties were to communicate effectively with one another, thus

sparing judicial resources for situations in which the parties genuinely disagree.") *overturned on*

*other grounds by Castro v. United States*, 310 F.3d 900 (6th Cir. 2002).   Because Defendant's

counsel has failed to seek concurrence for a request that does not appear to be opposed, the Court

will deny his Renewed Motion for Discovery.

Defendant's Motion to Dismiss Count One of the First Superceding Indictment seeks to have

Count One dismissed on the grounds of double jeopardy or duplicity.  Defendant was charged in the

First Superceding Indictment with conspiring with the co-defendants and "other persons" to

distribute heroin in the Eastern District of Michigan "and elsewhere" from "approximately 1994

through the present."  First Super. Indict. at 1.  However, Defendant has previously plead guilty in

the United States District Court for the Eastern District of Virginia, in case No. 97-CR-246A, to

conspiring to distribute heroin from "early January, 1997 to late February, 1997" with certain other

co-defendants "and other persons" in the Eastern District of Virginia "and elsewhere."  Defendant

contends that the First Superceding Indictment so broadens the scope of Count I in duration that it

encompasses Defendant's prior conviction, so as to implicate Defendant's double jeopardy interests.

In the alternative, Defendant argues that if the Court finds that the Virginia drug conspiracy is not

included in Count I, that the count nonetheless then charges two separate conspiracies, making the count duplicitous.  This issue is moot, however, because the Second Superceding Indictment changed the time-frame of the conspiracy so that it no longer overlaps in duration with Defendant's 1997 drug conviction.  Therefore, the Court will deny Defendant's Motion to Dismiss Count One of the First Superceding Indictment.

Finally, Defendant seeks to have the entire First Superceding Indictment dismissed for outrageous government conduct.  Defendant claims that the Magistrate Judge who gave permission for Joey Williams to act as an informant, when Mr. Williams made his initial appearance before the Magistrate Judge on March 16, 2005, was not told by the Government that Mr. Williams was serving a term of supervised release at the time which prohibited him from serving as an informant without leave of the Court.  Because Defendant's claim is refuted by a single dispositive fact, the Court declines to exam whether Defendant has standing to bring such a claim or whether he has a protected interest in seeing that Mr. Williams' supervised release not be violated.  The claim is refuted by the Application and Affidavit for Search Warrant, signed by the Magistrate Judge on March 15, 2005, which avers on page 3, paragraph 5 that "Mr. Williams is currently under supervised release." Defendant acknowledges that the provision prohibiting Mr. Williams from serving as an informant without leave of the Court is a standard condition of supervised release pursuant to U.S.S.G. § 5D1.3(c)(12).  *See* Br. at 9.  The Government informs the Court that Defendant received this document along with other discovery materials on September 22, 2005.  Thus, the Court will deny Defendant's Motion to Dismiss First Superceding Indictment.

**ACCORDINGLY, IT IS HEREBY ORDERED** that 1) Defendant's Renewed Motion for Change of Venue [docket entry 50] is **DENIED**; 2) Defendant's Renewed Motion for Discovery

4

[docket entry 51] is **DENIED**; 3) Defendant's Motion to Dismiss Count One of First Superseding

Indictment [docket entry 52] is **DENIED**; and 4) Defendant's Motion to Dismiss First Superceding

Indictment [docket entry 53] is **DENIED**.

   **SO ORDERED.**


Dated:  February 10, 2006       s/Paul V. Gadola
               HONORABLE PAUL V. GADOLA
               UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  February 13, 2006 , I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system which will send notification of such filing
to the following:
   S. Allen Early; Mark C. Jones           , and I
hereby certify that I have mailed by United States Postal Service the paper to the
following non-ECF participants:            .

            s/Ruth A. Brissaud
            Ruth A. Brissaud, Case Manager
            (810) 341-7845