UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                                        Plaintiff,
                                                      CRIMINAL CASE NO. 05-50023

v.

DAVID ALLEN FISHER,                                   HONORABLE PAUL V. GADOLA
                                                      U.S. DISTRICT COURT
                                        Defendant.

_____/


**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE STATEMENTS,
GRANTING DEFENDANT'S MOTION TO FILE FUTURE EVIDENTIARY MOTIONS,
DENYING DEFENDANT'S RENEWED MOTION FOR DISCOVERY, AND DENYING
DEFENDANT'S REQUEST FOR NOTICE OF 404(b) EVIDENCE**


Before the Court are Defendant's 1) Motion to Exclude Co-Defendants' Statements and

Certain Statements of Defendant, 2) Motion to Allow Defense to File Motion Regarding Further

Evidentiary Issues in Future if Necessary, 3) Renewed Motion for Discovery, and 4) Request for

Notice of Rule 404(b) Evidence Which Prosecution May Used at Trial, all filed on January 24, 2006.

**1.      Motion to Exclude Statements**

Defendant moves to exclude all statements of Co-Defendants John Fisher and Keith Ashley

and certain statements of Defendant made during telephone conversations between Defendant and

Co-Defendants while Defendant was detained at Genesee County Jail.  Defendant, however, has not

specifically identified the statements at issue, or their content.  Defendant contends that admission

of the statements would violate *Bruton v. United States*, 391 U.S. 123 (1968) (a non-testifying Co-

Defendant's confession that implicates another defendant violates that other defendant's sixth

Amendment right of confrontation), if Co-Defendants are not going to appear at trial.  Defendant

also contends that they are inadmissible hearsay under Fed. R. Evid. 801 and prejudicial under Fed. R. Evid. 403. The Government argues that the statements of Defendants are admissible as admissions by a party-opponent under Fed. R. Evid. 801(d)(2) and statements against interest under Fed. R. Evid. 804(b)(3). The Government also argues that the statements made by Co-Defendants are statements "made in the course of and in furtherance of the conspiracy" and are therefore admissible under Fed. R. Evid. 801(d)(2)(E).

Regardless, the Government states that it is unclear whether either Co-Defendant will be present at trial, as Co-Defendant John Fisher has evaded arrest and the disposition of Co-Defendant Keith Ashley is unknown at this time. For these reasons, the Government has not determined how to structure the case for trial. The Government therefore requests that the matter be held in abeyance to allow the identification of the final trial participants, a more structured transcript, and a possible resolution of the matter between counsel.

Given the uncertainty of which evidence is actually at issue, the Court will deny Defendant's motion without prejudice. Defendant may renew his motion, if necessary, when the structure of the trial is determined and the statements at issue are identified. This disposition, as opposed to an abeyance, will allow the parties to focus the issues more keenly so as to make a determination by this Court possible when, and if, the matter arises in the future.

**2.     Motion to Allow Defense to File Future Evidentiary Motions**

Defendant moves the Court to allow him to file evidentiary motion in the future, if necessary. Defendant states that he has received abundant and voluminous documents from the Government and, not having had the opportunity to review them in their entirety, anticipates that evidentiary issues may arise regarding the documents. The Government answers that, depending on the nature

and timing of the motion, the Government may not object.   Given the complexity of the case and

the quantity of the evidence, the Court will grant Defendant's motion and allow him to file

evidentiary motions in the future if necessary.  However, in the interests of judicial economy and

efficiency, Defendant must go beyond the requirements of Local Rule 7.1(a) when filing any future

evidentiary motions; he must state, with adequate specificity, what was request of, and proposed to,

the Government and the Government's reasons given for denying a concurrence.

### 3.      Renewed Motion for Discovery

Defendant moves the Court for an order requiring the Government to provide Defendant with

disclosure of certain witness material and witness lists in advance of the Government's obligations

to do so.  *See* Jencks Act, 28 U.S.C. § 3500 (witness statements in the possession of the Government

available to the defendant only after the witness has testified).  Because discovery contains a lack

of witness information with respect to the allegations in the indictment for the period of 2000

through 2003, Defendant surmises that the information must be testimonial in nature.  Defendant

therefore seeks an accommodation so as to be able to prepare for trial.

Defendant also seeks any investigative reports that the Flint Police Department and the Flint

Area Narcotics Group may have regarding a particular government witness.  The Government has

informed Defendant that neither of these two law enforcement agencies were involved in the arrest

that produced the government witness. Defendant, though, believes that they might have

independently investigated the witness based on the witness's statements and may possess

exculpatory evidence.

Nonetheless, Defendant has not alleged that the Government is not meeting its disclosure

obligations and has not provided any authority for his request that the Court contravene the Jencks

Act.  Neither has Defendant cited any authority for his request for evidence from the Flint law enforcement agencies that the prosecution does not have in its control.  Therefore, the Court will deny Defendant's renew motion for discovery.

**4.       Request for Notice of Rule 404(b) Evidence**

Defendant demands notice and identification of any Rule 404(b) evidence that the prosecution may use a trial.  The Government responded by notifying Defendant that any evidence referred to in the discovery may be offered at trial.  Defendant finds this inadequate because the government has provided him with extensive discovery evidence regarding Defendant's prior case.

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is only admissible for certain purposes and  "provided that upon request by the accused, the prosecution in a criminal case *shall provide reasonable notice in advance of trial*, or during trial if the court excuses pretrial notice on good cause, of the general nature of any such evidence it intends to introduce at trial."  Rule 404 provides an adequate remedy, namely inadmissibility, for the Government's failure to provide reasonable notice in advance of trial.  Therefore, the Court will deny Defendant's request.

**ACCORDINGLY, IT IS HEREBY ORDERED** that 1) Defendant's Motion to Exclude Co-Defendants' Statements and Certain Statements of Defendant [docket entry 71] is **DENIED WITHOUT PREJUDICE**; 2) Defendant's Motion to Allow Defense to File Motion Regarding Further Evidentiary Issues in Future if Necessary [docket entry 71] is **GRANTED** provided that Defendant comply with the requirements of this Order; 3) Defendant's Renewed Motion for

 Discovery [docket entry 72] is **DENIED**; and 4) Defendant's Request for Notice of Rule 404(b)

Evidence Which Prosecution May Used at Trial [docket entry 73] is **DENIED**.

      **SO ORDERED.**


Dated:   April 6, 2006                        s/Paul V. Gadola

                                          HONORABLE PAUL V. GADOLA
                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 7, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
           Mark C. Jones; S. Allen Early, III                 , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                          .

                                     s/Ruth A. Brissaud
                                     Ruth A. Brissaud, Case Manager
                                     (810) 341-7845