UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
                Plaintiff,

CRIMINAL CASE NO. 05-50023

v.

DAVID ALLEN FISHER,                HONORABLE PAUL V. GADOLA
                            Defendant.    U.S. DISTRICT COURT
_____/

## ORDER DENYING MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Before the Court is Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts a claim of ineffective assistance of counsel related to his December 8, 2006 sentencing. Petitioner also asserts a challenge to this Court's jurisdiction to sentence him. For the reasons stated below, the Court will deny Petitioner's motion.

Defendant pleaded guilty to distribution of heroin and being a felon in possession of a firearm on September 5, 2006. *See* Fed. R. Crim. P. 11 Plea Agreement [docket entry #93]. The signed plea agreement provided:

> Defendant understands that defendants generally have the right collaterally to attack their convictions and sentences by filing post-conviction motions, petitioner, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including - but not limited to- any proceeding under 28 U.S.C. § 2255.

*See* Fed. R. Crim. P. 11 Plea Agreement, ¶ 7 [docket entry #93]. Attached to the plea agreement were worksheets stating that Petitioner's offense level would be increased by two levels for "possession of firearms" under United States Sentencing Guideline § 2D1.1(b)(1). The

agreement further stated that "There are no sentencing guideline disputes," and that "defendant's guideline range is 100-125 months. . . ." *Id.* at ¶ 2.B

The record reflects that Petitioner signed the plea agreement, directly below the following statement:

> By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

*Id.* at p. 10.

Then, before the Court accepted Petitioner's guilty plea, Petitioner assured the Court that he had signed the agreement, that he had read it "fully, thoroughly, and completely," that he had discussed it with his attorney "fully, thoroughly, and completely," that he had read the provision stated immediately above, and that this provision was true and accurate. The Assistant United States Attorney then verbally summarized the plea agreement, noting the stipulated sentencing guideline range of 100 to 125 months based upon the sentencing worksheets, and noted the provision waiving the right to mount any collateral attack. Defendant assured the Court that he fully, thoroughly, and completely understood the agreement and all of its terms. The Court then accepted the plea agreement.

Petitioner was sentenced on December 8, 2006. The Court sentenced Petitioner to 125 months imprisonment on the distribution of heroin count and to 120 months imprisonment as to the count of being a felon in possession of a firearm. The Court ordered those terms to be served concurrently. Petitioner did not appeal the sentence.

Petitioner's present motion to vacate his sentence, filed October 23, 2007, asserts that

Petitioner did not receive effective assistance of counsel because his attorney failed to challenge the application of the sentencing guidelines to the facts of the case. Petitioner asserts that his counsel should have challenged the two level adjustment, under U.S.S.G. 2D1.1(b)(1), for possession of a dangerous weapon during conduct related to the drug offense because there was no evidence presented by the Government to establish the presence of a weapon.

The Court finds Petitioner's motion is without merit for at least two reasons. First, " 'It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement.' " *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The text of Petitioner's plea agreement, as well as Petitioner's verbal acknowledgments on the record, clearly indicate that Petitioner waived any right to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Accordingly, Petitioner is prevented from proceeding with the present motion.

Furthermore, Petitioner's argument that his counsel should have challenged the two point adjustment because the Government failed to present any factual basis for the claim is baseless. Petitioner personally agreed to the plea agreement and all the provisions contained therein, acknowledging the two-level enhancement for possession of a dangerous weapon as set forth in the worksheets attached directly to the agreement. There was no evidence presented with respect to this issue simply because Petitioner *stipulated* to the enhancement. Nevertheless, reviewing the presentence report, the Court finds that the record amply demonstrates sufficient evidence to justify the application of that guideline. Accordingly, the Court can assign no error to counsel in this regard.

Additionally, the Court notes that on February 25, 2008, Petitioner filed a "Supplement to

Motion to Correct Sentence Under 28 U.S.C. § 2255." Petitioner asserts that the Court should dismiss the instant criminal case, "because it lacks exclusive jurisdiction over the exact geographical location where the alleged criminal activity mentioned in the indictment is alleged to have taken place. Petitioner was not arrested in any fort, magazine, arsenal, dockyard, 'needful building', or other federal enclave within Michigan State . . . ." Petr's Supp. Mot., p. 2. Petitioner also makes reference to a distinction in law between "District Courts of the United States" and "United States District Courts." Petitioner's second argument is best summarized by stating that no"District Courts of the United States," ("DCUS"), have jurisdiction over criminal defendants, as opposed to a "United States District Court," ("USDC"), because "[n]ot a single Act of Congress vests the USDC, as distinct from the DCUS, with anything but 'civil' authority." Petr's Supp. Mot., p. 10. The Court finds both arguments absolutely without merit.

Rephrasing Petitioner's first jurisdictional argument, Petitioner asserts that because his crimes allegedly occurred on soil that was not explicitly owned by the federal government, the Court has no jurisdiction over Petitioner. Petitioner is flatly incorrect. The United States district ourts have original jurisdiction over offenses against the laws of the United States and such offenses are not bound by geography. *See* 18 U.S.C. § 3231; *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994).

Petitioner second jurisdictional argument also fails. Petitioner claims that only the "District Courts of the United States" have been granted jurisdiction by Congress while the "United States District Courts," of which this Court is one, are entirely without any legislative grant of jurisdiction. This Court finds Petitioner's argument regarding any jurisdictional distinction between "USDCs" and "DCUSs" is without merit, just as did Fifth Circuit in *Warfield v. Byron*, 137 Fed. Appx. 651,

653-54 (5th Cir. 2005).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [docket entry #121] is denied.

**SO ORDERED.**

Dated:   March 10, 2008                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  March 10, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:               Robert W. Haviland                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:               David A. Fisher                            .


                                                     s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845